# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

IN RE:

NICK SPINELLI
MARILYN SPINELLI

Case No.: 9:08-bk-17036-ALP

                              Debtor(s).

Chapter 13

_____/

NICK SPINELLI and MARILYN SPINELLI,

                    Plaintiff(s),

vs.

Adversary Pro: 9:08-ap-_____-ALP

INDYMAC FEDERAL BANK and FLORIDA
DEFAULT LAW GROUP, P.A.,

                    Defendant(s).

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs/Debtors, by and through their undersigned counsel, and files

this Complaint seeking a Declaratory Judgment and Damages against INDYMAC FEDERAL

BANK and FLORIDA DEFAULT LAW GROUP, P.A. ("Defendants") and alleges as follows:

### INTRODUCTION

1.      This is an action brought by the Plaintiff for a Declaratory Judgment and

Equitable relief as provided for by Rules 7001(1) and 7001 (9) of the Federal Rules of

Bankruptcy Procedure.

2.      The Plaintiff is also seeking the recovery of actual and punitive damages from the

Defendants pursuant to Section 362(k) of the Bankruptcy Code, the Fair Debt Collection

Practices Act (FDCPA), and the Florida Consumer Collection Practices Act (FCCPA).

1

## STATEMENT OF JURISDICTION AND VENUE

3.      Plaintiff is, and at all times mentioned herein, individuals residing in Charlotte County, Florida.

4.      Defendant Indymac Federal Bank ("Defendant Indymac") is, and at all times mentioned herein had its principal place of business located at 888 East Walnut Street, Pasadena, CA 91101.

5.      Defendant Florida Default Law Group, P.L. ("Defendant Default Law")is, and at all times mentioned herein, a Florida Professional Limited Liability Company with its principal place of business located at 9119 Corporate Lake Drive, Suite 300, Tampa, FL 33634.

6.      This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

7.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code

8.      Venue properly lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

9.      This Adversary Proceeding arises out of the Chapter 13 case of In re Spinelli, case number 9:08-bk-17036. The Debtors/Plaintiff filed their Voluntary Chapter 13 Petition on or about October 30, 2008.

## GENERAL ALLEGATIONS

10.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 9 above as if fully set forth herein.

11.     An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This Order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

12.     The 341(a) meeting of creditors was held and concluded on December 11, 2008 in Lee, Florida.

13.     In the schedules filed with the petition in this case, the Plaintiff listed a secured debt to Defendant Indymac for in the amount of $197,122.00.

14.     The debt is secured by the Debtors' principal residence.

15.     Defendant Indymac is either the owner and/or servicer of said loan.

16.     On or about November 6, 2008, the Clerk caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Defendant Indymac at four (4) different addresses. See Exhibit 1.

17.     Defendant Indymac has not sought nor has it received relief from the automatic stay.

18.     Defendant Indymac has had actual knowledge of Plaintiff' bankruptcy and protections afforded to them therefrom since on or about November 6, 2008.

19.     Debtors' Chapter 13 Plan provides Debtors intend to keep their homestead and make up all arrearages in the Plan. See Exhibit 2.

3

20.     Pursuant to the Fort Myers Division Chapter 13 Trustee's policy, as the Debtors' are not current on their mortgage to Defendant Indymac, the Plan provides Defendant Indymac will be paid through the Plan.

21.     Debtors have timely made all Plan payments required to date. See Exhibit 3 (Chapter 13 account log).

22.     Upon information and belief, the Chapter 13 Trustee has made all adequate protection payments of $1,289.92 per month to Defendant Indymac.

23.     On dates and times subsequent to November 6, 2008, despite Defendant Indymac's actual knowledge of the Plaintiffs' bankruptcy, Defendant Indymac has been attempting to collect prepetition debts from Plaintiffs.

### Defendant Indymac's Post-Petition Collection Calls to Debtors

24.     Since Plaintiffs' have filed bankruptcy, Defendant Indymac has been harassing Plaintiffs via telephone demanding mortgage payments and arrearages.

### Collection Call #1

25.     On November 11, 2008 at 1:30 pm, Defendant Indymac's collection agent, identified as Brad Garrin, called Debtors' residence demanding payment.

26.     Plaintiffs advised Defendant's collection department that they had filed for bankruptcy, were represented by the Dellutri Law Group and should not be receiving collection calls. Plaintiffs also gave Defendant their case number.

### Collection Call #2

27.     On November 19, 2008 at 10:05 am, Defendant Indymac's collection agent, identified as Arna, called Debtors' residence again demanding payment.

28.    Plaintiffs again advised Defendant's collection department that they had filed for bankruptcy, were represented by the Dellutri Law Group and should not be receiving collection calls. Plaintiffs again gave Defendant their case number.

29.    Defendant's agent advised it was marked in the computer that they had filed.

### Collection Call #3

30.    On November 24, 2008, Defendant Indymac's collection agent, identified as Matthew, called Debtors' residence for a third time postpetition again demanding payment.

31.    Plaintiffs, for a third time, advised Defendant's collection department that they had filed for bankruptcy, were represented by the Dellutri Law Group and should not be receiving collection calls. Plaintiffs again gave Defendant their case number.

32.    Defendant's agent again advised he sees it was marked in the computer that they had filed.

### Collection Call #4

33.    Sometime in the middle of January, 2009, Defendant Indymac called Debtors' residence for a fourth time postpetition again demanding payment.

34.    Plaintiffs again advised Defendant's collection department that they had filed for bankruptcy, were represented by the Dellutri Law Group and should not be receiving collection calls. Plaintiffs again gave Defendant their case number.

35.    Defendant's agent again advised it was marked in the computer that they had filed.

### Collection Call #5

36.    Sometime towards the end of January, 2009, Defendant Indymac called Debtors' residence for a fifth time postpetition again demanding payment.

37.     Plaintiffs again advised Defendant's collection department that they had filed for bankruptcy, were represented by the Dellutri Law Group and should not be receiving collection calls. Plaintiffs again gave Defendant their case number.

38.     Defendant's agent again advised it was marked in the computer that they had filed.

### *Defendant Indymac's January 31, 2009 Letter Indicating Debtors Are Behind On Payments*

39.     On January 31, 2009, Defendant Indymac sent a letter to Debtors indicating they have fallen behind on their payments and they have four options to choose to handle the situation. See Exhibit 4.

40.     On or after January 31, 2009, Defendant Indymac retained the Defendant Default Law to begin foreclosure proceedings.

41.     Upon information and belief, Defendant Indymac willfully neglected to advise Defendant Default Law of the Debtors' bankruptcy.

### *Defendant Default Law's Notice of Intent to Accelerate Letter*

42.     On February 4, 2009, Defendant Default Law sent a letter to Debtors indicating it had been retained by Defendant Indymac and gave notice of Defendant Indymac's intent to accelerate the debt. See Exhibit 5.

### *February 10, 2009 Foreclosure Action Against Debtors*

43.     On or about February 10, 2009, Defendant Default Law filed a foreclosure action against Debtors on behalf of Defendant Indymac. See Exhibit 6.

44.     Said foreclosure action was personally served on Debtors at their residence on or about February 12, 2009 at 7:50 a.m.

6

45.     Upon information and belief, Defendant Default Law failed to take reasonably prudent steps to verify whether the Debtors' were involved in bankruptcy prior to taking any actions described above.

46.     Upon information and belief, Defendants have failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay or the discharge injunction.

47.     Upon information and belief, Defendant Indymac has failed to implement any effective procedure to review all of the defaulted files they own and/or collect in order to confirm that appropriate bankruptcy codes have been entered or noted where necessary or to take other affirmative steps to properly disqualify such accounts from active collection efforts.

48.     Upon information and belief, Defendant Indymac has failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

49.     Upon information and belief, Defendant Indymac has failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

50.     Upon information and belief, Defendant Indymac has failed to implement any system to properly identify bankruptcy accounts notwithstanding that the fact that it knows the present system has no discernible impact on whether or not it continues collection activities.

51.     The Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Defendants including but not limited to the harassing phone calls, being rudely awakened by a process server serving a

7

foreclosure action on their home, and severely traumatized by the fear they may lose their home despite the protections of bankruptcy after making all required payments.

### First Claim for Relief:
### Violation of the Automatic Stay
### Against Defendants Indymac and Default Law

52.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 – 51 above as if fully set forth herein.

53.     This is an action against Defendant for violation of the automatic stay.

54.     As described in Paragraphs 24 – 44, Defendants have been attempting to collect prepetition debt.

55.     Defendants had knowledge of Plaintiffs' bankruptcy when all phone calls were made, correspondence was sent, and foreclosure action was commenced.

56.     Defendants failed to seek relief from the automatic stay prior to taking any action above-described.

57.     Defendants' actions and inactions described above were willful and Plaintiffs has incurred actual damages and attorney's fees as a result thereof.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A.     That this Court find Defendants have willfully violated the automatic stay;

B.     That the attorney for the Plaintiffs be awarded reasonable legal fees computed at his standard hourly rate of $275.00 and at the hourly rate of $95.00 for his legal assistants, plus expenses;

C.     That the Plaintiffs recover their costs and expenses from Defendants, including actual and punitive damages; and

D.     That the Plaintiff has such other and further relief as the Court may seem just and proper.

### Second Claim for Relief:
### Violation of the Fair Debt Collection Practices Act
### Against Defendant Default Law

58.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 – 51 above as if fully set forth herein.

59.     Defendant is regularly engaged in the collection of debts owed or alleged to be owed to third parties through the use of mail and telephone. As such, Defendant qualifies as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

60.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) alleged to owe a "debt" as defined in 15 U.S.C. § 1692a(5).

61.     The foregoing acts and omissions by Defendant constitute violations of the FDCPA, which include, but are not limited to, the following:

      a.  Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods in that it is barred from collecting under the bankruptcy code and court order;

      b.  Defendant further violated the FDCPA by threatening and taking legal action that cannot legally be taken. 15 U.S.C. § 1692e(5).

62.     The Plaintiffs are therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A.   That Plaintiffs recover actual damages or statutory damages of $1,000.00, whichever is greater;

B.   That the attorney for the Plaintiffs be awarded reasonable legal fees computed at his standard hourly rate of $275.00 and at the hourly rate of $95.00 for his legal assistants, plus expenses;

C.   That the Plaintiffs recover their costs and expenses from Defendant;

D.   That Defendant be enjoined from any and all further illegal collection practices; and

E.   That the Plaintiffs have such other and further relief as the Court may seem just and proper.

### Third Claim for Relief:
### Violation of the Florida Consumer Collection Practices Act
### Against Defendants Indymac and Default Law

63.   Plaintiffs re-allege and incorporate by reference Paragraphs 1 – 51 above as if fully set forth herein.

64.   The Plaintiffs are "consumers" as defined by Section 559.55(2), Fla. Stat.

65.   The Plaintiffs' relationships with Defendants arose out of a "consumer debt" as defined § 559.55(1).

66.   Under the provisions of §§ 559.72(7), (9), and (18), Fla. Stat., Defendants were and are prohibited from: (1) willfully engaging in any conduct which can reasonably be expected to oppress, harass or abuse the debtors; (2) claiming or attempting to enforce a debt or existence of some other legal right when Defendants know it does not exist; and (3) communicating with

the debtors when Defendants know the debtors was and is represented by an attorney with respect to such debt.

67. By engaging in the conduct described in the general allegations, Defendants violated the provisions described in the Paragraph above.

68. As a result, the Defendants are liable for statutory damages in the sum of no less than $1,000.00 and the payment of legal fees and expenses.

**WHEREFORE,** the Plaintiffs, having set forth his claims for relief against Defendants, respectfully prays of the Court as follows:

A. That the Plaintiffs have and recover against each Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiffs have and recover against each Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against each Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P.38(b) applicable to bankruptcy proceedings by Bankr. R.

9015(a), Plaintiff hereby demands a jury trial on all issues so triable herein.

Dated this 2nd day of March, 2009

> THE DELLUTRI LAW GROUP, P.A.
> *Attorneys for the Debtors/Plaintiff*
> 1436 Royal Palm Square Boulevard
> Fort Myers, Florida 33919
> Phone: (239) 939-0900
> Facsimile: (239) 939-0588
> www.DellutriLawGroup.com
>
>
> By: /s/ David W. Fineman
> David W. Fineman, Esq.
> Florida Bar Number 0040993
> dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA          )
                          ) ss
COUNTY OF CHARLOTTE       )

Plaintiffs, Nick and Marilyn Spinelli, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this adversary proceeding.
2. I have read the above-entitled adversaryComplaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this adversary Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this adversary Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this adversary Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Nick Spinelli

_____
Marilyn Spinelli

Subscribed and sworn to before me this ___25___ day of ___Feb.___, 2009 by Nick Spinelli and Marilyn Spinelli who:

___✓___ are personally known; or

_____ have produced _____.

LORI J. MAY
Notary Public - State of Florida
My Commission Expires Aug 13, 2010
Commission # DD 582803
Bonded By National Notary Assn.

_____
Notary Public

(SEAL)

13